CLAY, Circuit Judge,
concurring in part and concurring in the judgment.
While I concur in the majority’s analysis and conclusions regarding Hardin’s claims of ineffective assistance of counsel and the procedural unreasonableness of his sentence, I write separately because my analysis differs from the majority’s with respect to the issue of whether the district court abused its discretion in imposing a sentence that is substantively unreasonable.
The majority makes two critical mistakes in its analysis. First, it mischarac-terizes Hardin’s substantive unreasonableness argument. While Hardin generally argues that the district court improperly weighed certain factors in imposing sentence, Hardin specifically argues that the district court: 1) “failed to consider the need to provide [Hardin] with needed medical [mental health] care”; 2) “gave an unreasonable amount of weight ... [to] the fact that Hardin was entrusted with a position of trust as the deputy judge executive in Magoffin County, Kentucky;” 3) unreasonably considered the government’s contention that Hardin “had allegedly indicated to his girlfriend that he ‘wanted to have sex with his own children;’ ” and 4) failed to give proper weight to “the fact that [Hardin] had a severe drug dependency.” (Def.’s Br. at 35.) The majority does not address any of these arguments.
Second, and more importantly, the majority’s opinion mischaracterizes the analysis undertaken by the district court in crafting an appropriate sentence for Hardin. The majority states that the district court relied upon six factors in reaching its sentencing determination, including Hardin “abusing his position of trust by using the work computer to commit the illegal acts;” Hardin “bringing shame on the community;” and Hardin’s “extensive illicit drug use.” (Maj. Op. at 475.) Two things are clear from the record: though the district court mentioned these facts, it did not rely on them in imposing sentence; and a sentencing court’s reliance on such factors would be clearly impermissible.
It is well-settled that a district court’s “eonsider[ation of] a factor that has no relation to the § 3553(a) factors” may constitute substantive unreasonableness. United States v. Recla, 560 F.3d 539, 544-45 (6th Cir.2009). The three factors listed above, most notably the factor implicating community shame, each fall outside of the *476 gamut of acceptable sentencing considerations under § 3553(a).
A sentencing court is required, under 18 U.S.C. § 3553(a), to impose a sentence “sufficient, but not greater than necessary,”
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
18 U.S.C. § 3553(a)(2).
In this case, the district court made the following relevant statements at sentencing:
In this case, in particular, it’s difficult because you were entrusted with a position by the Magoffin County government, a position of responsibility [and y]ou used that position and the computer provided for you in committing the acts that you did, acts that are repugnant.
The facts as I think set out in the government’s sentencing memorandum ... [r]eflect an individual who spiraled out of control, someone who ... indicated to his girlfriend that if they had children, he wanted to have sex with his own children. That’s-you know, that’s hard to stomach.
... [T]he presentence report and the plea agreement reflect an interest in having sex with or paying for sex with children as young as four years old. That’s repugnant.
Then there is the drug abuse that was going on while you were employed at the Magoffin County Fiscal Court, cocaine, crack cocaine, LSD, methamphetamine, heroin, marijuana, Hydrocodone, Oxyco-done, Oxycontin.
The only good thing that I can see about this whole deal is that you are young. With proper treatment, you may be able to enjoy a productive life.
But ... the court has an obligation not only to you but to the community as a whole to make sure that you get certain amounts of treatment.
The sentence I impose, given the length of time that you engaged in the conduct that you did, the quality and nature of the images found on your computer, the use of your employment to engage in the conduct, the details of your conduct as set forth in the attached exhibit, the sexually explicit photos of the 16-year-old female found on your computer and your ongoing desire you have expressed about wanting to have sex with children warrants a sentence of quite severe to protect the public.
(Sent. Tr. at 8-10.)
Contrary to the majority’s determination, there is no indication in the record that the district court gave any weight to the fact that Hardin was employed by the county or to the statement reportedly made by Hardin’s ex-girlfriend regarding their hypothetical children. On the contrary, it appears that the district court invoked both as examples of how Hardin was “spiraling] out of control” — so much so that he would risk accessing child pornography from his government office, would abuse various and serious drugs while working in “a position of responsibility,” and would raise what were clearly deeply inappropriate questions with a person with whom he was in a relationship.
*477 The district court concluded its recitation of Hardin’s “spiraling” behavior with its hope that “[w]ith proper treatment, [he] may be able to enjoy a productive life.” (Id. at 9.) The district court proceeded immediately thereafter to state: “But ... the court has an obligation not only to you but to the community as a whole to make sure that you get certain amounts of treatment.” (Id.) Reading the sentencing transcript as a whole, it is clear that the district court intended to contrast Hardin’s spiraling and other serious behavioral troubles, for which it expressed some compassion (and revulsion), with its duty to impose a sentence in accordance with the mandates of 18 U.S.C. § 3553(a).
The district court continued by weighing the proper § 3553(a) factors, most notably the need for deterrence and the serious nature of the offense. In imposing the sentence, the district court specifically outlined the factors that it was weighing under § 3553(a)—
[T]he length of time that [Hardin] engaged in the conduct that you did, the quality and nature of the images found on [Hardin’s] computer, the use of [Hardin’s] employment to engage in the conduct, the details of [Hardin’s] conduct as set forth in the attached exhibit, the sexually explicit photos of the 16-year-old female found on [Hardin’s] computer and [Hardin’s] ongoing desire ... to have sex with children ...
(Id. at 10.) While the district court emphasized its considerations of the nature of the offense and the probability of recidivism more than other § 3553(a) factors, there is no indication that it committed any error in doing so. See United States v. Brown, 579 F.3d 672, 687 (6th Cir.2009) (“[W]hile the court downplayed the characteristics of Defendant and emphasized factors such as the nature of the offense, the likelihood of recidivism, and the need for protection of the public, the weight the court assigned to each § 3553(a) factor was not unreasonable. It was within the court’s discretion to emphasize the need to protect young children.”).
There is also no question that the district court took into account, and explained at length, its consideration of Hardin’s mental health history and his drug dependency in crafting an appropriate sentence. In addition to articulating its consideration of these factors, the district court also ordered that Hardin receive both substance abuse treatment, (Sent. Tr. at 11), and “sex health disorder” treatment. (Id. at 13.)
Finally, having considered all relevant factors, the district court determined that a sentence in the middle of the recommended Guidelines range would be appropriate in Hardin’s case. That the district court imposed a within-Guidelines sentence reflects a “double determination” — “both the sentencing judge and the Sentencing Commission ... have reached the same conclusion as to the proper sentence in the particular case.” Rita v. United States, 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).
For these reasons, the district court did not abuse its discretion in imposing Hardin’s sentence.